The opinion of the court was delivered by
Spencer, J.
Joaquin Eoses brought suit against Lacoste and bad a distillery, its appurtenances, and some liquors sequestered on the allegation that they belonged to a partnership existing between him and Lacoste. He prayed a settlement of the partnership, and that he be decreed owner of one half its property, rights, credits, etc.
Conrad Duvie was the surety of Eoses on the sequestration bond.
Lacoste’s answer was a denial generally and specially of the alleged partnership. On February 2,1878, there was signed a final judgment dismissing the suit of Eoses as in case of nonsuit. On March 28,1878, Eoses moved for and obtained an order of appeal. Not having been taken within ten days, tjhat appeal is only devolutive, and does not suspend proceedings against Eoses and his surety for damages.
The present suit is brought against Duvie, the surety, alone, for damages resulting from said sequestration, plaintiff alleging that Eoses is impecunious and utterly insolvent, and that nothing can be made out of him on execution.
On the trial the surety offered evidence to show that Lacoste was not the owner of the goods sequestered, and consequently suffered no damages by their seizure. This evidence was rejected on the ground that the question of ownership could not be raised by the surety. We *368 think the court erred. The judgment in this case was one of nonsuit, and does not therefore even prevent Roses from re-asserting Ms ownership of the property. For a stronger reason, it does not preclude his surety, as to whom a final judgment against the principal would be only prima facie evidence of liability. Certainly, if Lacoste was not owner of the property sequestered, he ought not to recover by way of damages the value thereof, as he seeks to do and has done in this case. The evidence should have been received.
It is therefore ordered and decreed that the judgment appealed from is reversed; and it is now ordered that this cause be remanded, to be proceeded with according to law.